AO 91 (REV.5/85) Criminal Complaint

AUSA Michelle Nasser Weiss 312-469-6201

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED
AUG 27 2008   NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

MARCOS PEREZ CONTRERAS

**CRIMINAL COMPLAINT**

CASE NUMBER: 08 CR 680

MAGISTRATE JUDGE NOLAN

I, the undersigned complainant, being duly sworn on oath, state that the following is true and correct to the best of my knowledge and belief. On or about February 18, 2008, at Cook County, in the Northern District of Illinois, Eastern Division, MARCOS PEREZ CONTRERAS, defendant herein,

being an alien, who previously had been deported and removed from the United States on or about May 30, 2006, was found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States;

in violation of Title 8, United States Code, Section 1326(a); and Title 6, United States Code, Section 202(4). I further state that I am a Special Agent with United States Immigration and Customs Enforcement ("ICE") and that this complaint is based on the facts contained in the Affidavit which is attached hereto and incorporated herein.

Signature of Complainant
JASON MEDICA
Special Agent, U.S. Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence,

August 27, 2008                              at   Chicago, Illinois
Date                                              City and State

NAN R. NOLAN, U.S. Magistrate Judge                Signature of Judicial Officer
Name & Title of Judicial Officer

| | |
|---|---|
| UNITED STATES DISTRICT COURT | ) |
| | ) ss |
| NORTHERN DISTRICT OF ILLINOIS | ) |

## AFFIDAVIT

I, JASON MEDICA, being duly sworn, state as follows:

1. I am a Special Agent with United States Immigration and Customs Enforcement ("ICE"), and have been so employed for seven years. I am currently assigned to the document fraud group. In connection with my official duties as a SA with ICE, I investigate criminal violations of the federal immigration laws, including but not limited to, Title 8, United States Code, Sections 1324, 1325, and 1326, and Title 18, United States Code, Sections 1028 and 1546. I have received training concerning immigration-related laws, policies, and procedures, including those related to the reentry of previously deported aliens.

2. This affidavit is submitted in support of a criminal complaint alleging that Marcos Perez Contreras (hereinafter "PEREZ-CONTRERAS") has violated 8 U.S.C. § 1326(a), Reentry of Removed Alien, by being present and found in the United States after having been deported. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging PEREZ-CONTRERAS with illegal reentry, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that PEREZ-CONTRERAS committed the offense stated in the complaint.

3. This affidavit is based on my personal knowledge; information provided to me by other law enforcement agents, officers, and by other persons identified in this affidavit; and my

review of records maintained by ICE, other components of the Department of Homeland Security ("DHS"), and other government agencies.

4. According to DHS records, PEREZ-CONTRERAS is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. DHS records reflect that PEREZ-CONTRERAS was born in Mexico on May 15, 1983. Based on arrest records, PEREZ-CONTRERAS entered the United States before December 9, 2003. On May 2, 2006, the defendant was encountered and arrested near Columbus, New Mexico, by Border Patrol Agents. At the time of his arrest, the defendant stated that he was a citizen of Mexico, illegally in the United States. The defendant also admitted to having entered the United States at a place not designated as a legal port of entry on or about May 1, 2006. At the time of the arrest, the defendant did not possess immigration documents allowing him to be or remain in the United States legally. Immigration checks do not indicate that the defendant has ever applied for, nor received the consent of the appropriate authority of the United States to apply for admission.

5. DHS records further reflect that on or about May 30, 2006, defendant was deported from the United States to Mexico at Paso Del Norte ("PDN") Port of Entry in El Paso, Texas.

6. On or about February 18, 2008, defendant was arrested by Chicago Police Department ("CPD") officers and charged with possession of fictitious identification documents. On about February 20, 2008, after ICE became aware of defendant's CPD arrest, ICE placed an immigration detainer on defendant.

7. On about May 7, 2008, PEREZ-CONTRERAS was convicted of the possession of fraudulent identification charge that resulted from his February 18, 2008, arrest, and he was sentenced to one year imprisonment. On about July 10, 2008, PEREZ-CONTRERAS was released from IDOC and transferred into ICE administrative custody. PEREZ-CONTRERAS is currently in ICE custody pending deportation proceedings.

8. On July 11, 2008, after being transferred into ICE administrative custody, PEREZ-CONTRERAS was interviewed by an ICE Immigration Enforcement Agent. PEREZ-CONTRERAS admitted his identity, that he previously had been deported from the United States, and that he had not applied for or received official permission to reapply for admission into the United States.

9. Special Agent Daniel Nagy has viewed a photograph of the PEREZ-CONTRERAS previously deported on May 30, 2006, and the photograph matches appearance of PEREZ-CONTRERAS currently in ICE custody.

FURTHER AFFIANT SAYETH NOT.

_____
JASON MEDICA
Special Agent,
Immigration and Customs Enforcement

SUBSCRIBED AND SWORN to before me on August 27, 2008.

_____
NAN R. NOLAN
United States Magistrate Judge

3